## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-02322-SVW-SK | Date | November 5, 2018 |
|---|---|---|---|
| Title | *Nehemiah Kong v. Silver Liquor Market and Laundryland Inc.* | | |

Present: The Honorable   STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:**   IN CHAMBERS ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [23]

## I.   Introduction

On March 22, 2018, Plaintiff Nehemiah Kong filed this civil action against Defendant Silver Liquor Market and Laundryland Inc., seeking relief for alleged violations of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, et seq. and the Unruh Civil Rights Act ("Unruh Act"), Cal. Civ. Code § 51-53. Dkt. 1 ("Compl."). On August 9, 2018, this Court bifurcated the ADA claim from the state law claim and set trial for the ADA claim only. Dkt. 20. On October 5, 2018, Plaintiff filed the instant Motion for Summary Judgment ("Mot."), Dkt. 23.

## II.   Factual Background

Most of the relevant facts of this case are undisputed. Plaintiff is a paraplegic who suffers from Polio and who uses a wheelchair for mobility. Defendant's Statement of Genuine Disputes ("DSGD"), Dkt. 24-1, ¶ 1. Plaintiff drives a specially equipped van with a ramp that deploys from the passenger side to accommodate Plaintiff's wheelchair. *Id.* ¶ 2. On February 14, 2018, Plaintiff went to the Silver Liquor Market to shop. *Id.* ¶ 5. As Plaintiff drove near the store, he discovered that there were no reserved parking spaces for persons with disabilities. *Id.* ¶ 6. Because there was no designated reserved parking space with an access aisle, Plaintiff left the property. *Id.* ¶ 7.

| | : | |
|---|---|---|
| Initials of Preparer | | |
| | PMC | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-02322-SVW-SK | Date | November 5, 2018 |
|---|---|---|---|
| Title | *Nehemiah Kong v. Silver Liquor Market and Laundryland Inc.* | | |

### III.    Legal Standard

Summary judgment should be granted where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of . . . [the factual record that] demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party satisfies its initial burden, the non-moving party must demonstrate with admissible evidence that genuine issues of material fact exist. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585–86 (1986) ("When the moving party has carried its burden under Rule 56 . . . its opponent must do more than simply show that there is some metaphysical doubt as to the material facts.").

A material fact for purposes of summary judgment is one that "might affect the outcome of the suit" under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue of material fact exists where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* A court must draw all inferences from the facts in the non-movant's favor, *id.* at 255, but when the non-moving party's version of the facts is "blatantly contradicted by the record, so that no reasonable jury could believe it, [the] court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

### IV.    Analysis

#### A.    Elements of an ADA Claim

To succeed on an ADA claim, a plaintiff must establish: "(1) that [the plaintiff] is disabled within the meaning of the ADA; (2) that the defendants own, lease, or operate a place of public accommodation; and (3) that the defendants discriminated against the plaintiff within the meaning of the ADA." *Roberts v. Royal Atlantic Corp.*, 542 F.3d 363, 368 (2d Cir. 2008). "Title III defines 'discrimination' as, among other things, a failure to remove 'barriers . . . where such removal is readily achievable.'" *Pickern v. Holiday Quality Foods Inc.*, 293 F.3d 1133, 1135 (9th Cir. 2002) (quoting 42 U.S.C. § 12182(b)(2)(A)(iv)). "If removal of a barrier is not 'readily achievable,' a public accommodation must make its facilities available through 'alternative methods if such methods are

Initials of Preparer                        :

PMC

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-02322-SVW-SK | Date | November 5, 2018 |
|----------|----------------------|------|------------------|
| Title | *Nehemiah Kong v. Silver Liquor Market and Laundryland Inc.* | | |

readily achievable.'" *Pickern*, 293 F.3d at 1135 (quoting 42 U.S.C. § 12182(b)(2)(A)(v)). The ADA defines the phrase "readily achievable" as "easily accomplishable and able to be carried out without much difficulty or expense." 42 U.S.C. § 12181. The ADA also enumerates four "factors to be considered" in an analysis of whether an action is readily achievable.[1] *Id.*

### B.      Application of the Law

In this case, the first two elements of an ADA claim—that Plaintiff is disabled within the meaning of the ADA and that Defendants own or operate a place of public accommodation—are undisputed and thus established. In addition, part of the third element—that the store failed to provide a parking space reserved for persons with disabilities—is likewise undisputed and thus established. The primary issue contested by Defendant is whether removing the barriers in Defendant's parking lot is readily achievable.

A crucial—and, as it turns out here, dispositive—threshold issue is determining which party bears the burden of establishing that removal of barriers is readily achievable. In its reply brief, Plaintiff argues that, under *Molski v. Foley Estates Vineyard and Winery, LLC*, 531 F.3d 1043 (9th Cir. 2008), Defendant bears the burden. By contrast, Defendant argues that *Molski* is distinguishable and that the relevant case law offers clear authority that Plaintiff bears the burden.

Defendant is correct that *Molski* is distinguishable and thus does not govern the Court's analysis in this case. In the context of historic facilities, the Ninth Circuit held that defendants bear the burden of production. *Molski*, 531 F.3d at 1049. However, the holding was clearly cabined to apply only to historic facilities. *Id.* at 1048-49 (referring to the "inquiry into who bears the burden of production for the ready achievability of barrier removal *in historic facilities*" and repeatedly relying on § 4.1.7, a provision relating specifically to historic buildings) (emphasis added). Because the instant case does not involve a historic facility, *Molski* is inapposite.

In a post-*Molski* case, the Ninth Circuit acknowledged that it has "yet to decide who has the

---

[1]      For the reasons discussed below, the Court need not reach a substantive analysis of whether removing the barriers in Defendant's parking lot is readily achievable. Thus, the factors need not be discussed.

Initials of Preparer                    :

PMC

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:18-cv-02322-SVW-SK | Date | November 5, 2018 |
|---|---|---|---|
| Title | *Nehemiah Kong v. Silver Liquor Market and Laundryland Inc.* | | |

burden of proving that removal of an architectural barrier is readily achievable." *Moore v. Robinson Oil Corp.*, 588 Fed. Appx. 528, 529-30 (9th Cir. 2014) (quoting *Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998, 1010 (C.D. Cal. 2014)). However, "[v]arious district courts throughout the circuit . . . have applied the Tenth Circuit's burden-shifting framework." *Vogel*, 992 F. Supp. 2d at 1010. In *Colorado Cross Disability v. Hermanson Family, Ltd.*, 264 F.3d 999, 1006 (10th Cir. 2001), the Tenth Circuit held that the "[p]laintiff bears the initial burden of production to present evidence that a suggested method of barrier removal is readily achievable." If the plaintiff makes such a showing, then the burden shifts to the defendant, who "bears the ultimate burden of persuasion regarding [his] affirmative defense that a suggested method of barrier removal is not readily achievable." *Id.* This Court follows the lead of "the overwhelming majority of federal courts that apply the burden-shifting framework of" *Colorado Cross*. *Vesecky v. Garick, Inc.*, No. CV 07-1173-PHX-MHM, 2008 WL 4446714, at *3 (D. Ariz. Sept. 30, 2008); *see also, e.g.*, *Lopez v. Macca Corp.*, CV No. 18-2589-RSWL-E, 2018 WL 5310770, at *4 (C.D. Cal. Oct. 22, 2018); *Vogel v. Dolanotto, LLC*, No. 2:16-CV-02488-ODW (KSx), 2018 WL 851304, at *5 (C.D. Cal. Feb. 13, 2018); *Villegas v. Beverly Corner, LLC*, No. 2:16-cv-07651-CAS(SSx), 2017 WL 3605345, at *4 (C.D. Cal. Aug. 18, 2017); *Langer v. Deguzman*, No. 2:15-cv-09493-SVW-JEM, 2016 WL 4500783, at *4 (C.D. Cal. July 28, 2016); *McComb v. Vejar*, No. 2:14-CV-00941-RSWL-E, 2014 WL 5494017, at *6 (C.D. Cal. Oct. 28, 2014).

Here, Plaintiff has failed to meet his burden of establishing that a suggested method of barrier removal is readily achievable. All that Plaintiff argues in his motion is that "[p]roviding and maintaining accessible parking is readily achievable" because "this type of action . . . is of the type of action that is identified as likely to be readily achievable" in the Code of Federal Regulations. Mot. 9. Then, when pressed by Defendant, Plaintiff admits in his reply brief that he "does not disagree with [Defendant's] assessment" that "providing a technically compliant parking space would require prohibitive and expensive remodeling." Plaintiff's Reply Brief in Support of the Motion for Summary Judgment ("Rep."), Dkt. 25, at 1. But, contends Plaintiff, even if "full compliance" is not readily achievable, readily achievable partial accommodations must still be made. Rep. 2. This may be so,[2] but partial

---

[2]     "If . . . the measures required to remove a barrier would not be readily achievable, a public accommodation may take other readily achievable measures to remove the barrier that do not fully comply with the specified requirements. Such measures include, for example, providing a ramp with a steeper slope. . . . No measure shall be taken, however, that poses a significant risk to the health or safety of individuals with disabilities

Initials of Preparer

PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:18-cv-02322-SVW-SK | Date | November 5, 2018 |
|---|---|---|---|
| Title | *Nehemiah Kong v. Silver Liquor Market and Laundryland Inc.* | | |

measures still must be proved to be readily achievable, and the burden is still Plaintiff's. *Kreisler v. Second Ave. Diner Corp.*, No. 10 Civ. 7592(RJS), 2012 WL 3961304, at *9 (S.D.N.Y. Sept. 11, 2012) ("Since these costs would almost certainly exceed the Diner's annual net profits, the Court concludes that modification of the vestibule is not 'readily achievable.' If alternatives to making the vestibule more accessible exist, Plaintiff has not met his burden of presenting them."). Because Plaintiff has made no attempt whatsoever to provide facts establishing that any modification or remediation of Defendant's parking lot is readily achievable, Plaintiff has failed to meet his burden and his motion necessarily fails. Alternatively, even if Plaintiff had offered some facts on this issue, there would still be a genuine dispute of material fact given the evidence marshalled by Defendant. *See, e.g.*, Declaration of David Muradyan ("Muradyan Decl."), Dkt. 24-3, ¶¶ 3-6; Dkt. 24-4.

**V.   Conclusion**

For the above reasons, the Court DENIES Plaintiff's motion for summary judgment.

IT IS SO ORDERED.

---

or others." 28 C.F.R. § 36.304(d)(2).

Initials of Preparer                              :

PMC