CENTER FOR DISABILITY ACCESS
Raymond G. Ballister, Jr., SBN 111282
Phyl Grace, Esq., SBN 171771
Chris Carson, Esq. SBN 280048
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
phylg@PotterHandy.com

Attorneys for Plaintiff Nehemiah Kong

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Nehemiah Kong,**<br><br>　　　　Plaintiff,<br><br>　v.<br><br>**Silver Liquor Market and Laundryland Inc.,** a California Corporation; and Does 1-10,<br><br>　　　　Defendants. | Case No.: 2:18-cv-02322-SVW-SK<br><br>**PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW**<br><br>Pretrial Conference: December 3, 2018<br>　Time: 3:00 p.m.<br><br>　Complaint Filed: March 22, 2018<br>　Trial Date: December 11, 2018<br><br>　Honorable Judge Stephen V. Wilson |

　　　Pursuant to Local Rule 16-4, plaintiff hereby submits his Memorandum of Contentions of Fact and Law.

1

# I. PRELIMINARY STATEMENT

The Plaintiff is Nehemiah Kong, a California resident with physical disabilities. He is a paraplegic who suffers from Polio. He uses a wheelchair for mobility. Mr. Kong drives a specially equipped van with a ramp that deploys from the passenger side of the van to accommodate his wheelchair.

Louis Nader is the owner and operator of the Silver Liquor Market store ("Store"). The Store is a facility open to the public, a place of public accommodation and a business establishment. The Store is located at 2717 W. 3rd Street, Los Angeles, California.

Parking spaces are one of the facilities, privileges, and advantages offered by Defendant to patrons of the Store. On February 14, 2018, Mr. Kong went to the Store to shop. On the date of his visit Mr. Kong discovered that there were no parking spaces reserved for persons with disabilities. Because there was no designated reserved parking space with an access aisle, Mr. Kong was deterred from visiting the Store and he left the property. This caused Mr. Kong difficulty, discomfort and frustration.

On March 19, 2018, Plaintiff's Investigator Mr. Evens Louis conducted an inspection of the Store. He found that the off street parking lot serving the store offered approximately 8 parking spaces to its customers, and not a single parking was reserved for persons with disabilities.

Mr. Kong would like the ability to safely and independently park and access the Store. On the night Mr. Kong visited the Silver Liquor Market, he was nearby in Koreatown visiting with friends. He enjoys this area of town and will return to the Store regularly once the violations are removed. Once the violations are removed, he plans to visit the Store on a regular basis whenever he is in the area.

Providing accessible parking space that is compliant with ADAAG in the Store is readily achievable for defendant.

///

///

## II. PLAINTIFF'S CLAIMS

<u>Claim 1: Violation of the Americans With Disabilities Act of 1990 ("ADA")</u>

***Elements***

(1) The plaintiff is disabled within the meaning of the ADA [42 U.S.C. § 12102(1)(A)];

(2) The defendant owns, leases, or operates a place of public accommodation [42 U.S.C. § 12182(a)]; and

(3) The defendant discriminated against the plaintiff within the meaning of the ADA. The plaintiff will prove discrimination if (a) Defendant's facility had unlawful architectural barriers [42 U.S.C. § 12182(b)(2)(A)(iv)]; and (b) the Plaintiff encountered the architectural barrier precluding his full and equal access to the facility [42 U.S.C. § 12188(a)].

***Key Evidence***

(1) The testimony of Plaintiff Nehemiah Kong;

(2) The testimony of Janis Kent;

(3) The testimony of Evens Louis;

(4) Plaintiff's photographs of exterior and interior of Defendant's business, March 19, 2018;

(5) Copy of photographs of the parking of the Store, provided by Plaintiff;

(6) Copy of Plaintiff's Expert Witness's Report, dated October 28, 2018.

<u>Claim 2: Violation of the Unruh Civil Rights Act (Cal Civ § 51-53)</u>

Any violation of the Americans with Disabilities Act is a violation of the Unruh Civil Rights Act. (Civ. C. §§ 51(f);). Thus, the elements and evidence for Claim 2 are identical to that of Claim 1.

///

///

<u>Anticipated Evidentiary Issues</u>

None at this time.

<u>Anticipated Issues of Law</u>

None at this time.

### III. BIFURCATION OF ISSUES

The American with Disabilities Act claim was bifurcated from the Unruh claim by order of the Court.

### IV. JURY TRIAL

Defendant has demanded jury. The ADA claim is set for bench trial on December 11, 2018 by order of the Court. The trial on the Unruh claim has not been scheduled.

### V. ATTORNEYS' FEES

Attorneys' fees are recoverable under the ADA. Should Plaintiff prevail, Plaintiff anticipates filing a motion for attorneys' fees.

### VI. ABANDONMENT OF ISSUES

Plaintiff will retain all claims raised in his Complaint.

Dated: November 12, 2018         CENTER FOR DISABILITY ACCESS

                                        By:   /s/ Chris Carson
                                              CHRIS CARSON
                                              Attorneys for Plaintiff